TALBOTT and Another *v.* GRACE and Others.

DEDICATION.— *User.*—In order to show by user a dedication of the soil of an individual to public use, it must have been a user by the public adverse and exclusive of the use and enjoyment of the property by the proprietor, and not a mere use by the public under and in connection with its use by the owner in any manner desired by him.

PUBLIC LANDINGS.—*Prescription.*—The right to land boats and load and unload freight, and thus encumber the land of an individual adjoining a navigable river, cannot be acquired by the public by prescription or custom. Whoever claims such right by long usage must prescribe in a *que estate.*

APPEAL from the Ohio Circuit Court.

RAY, C. J.—This was an action by appellants to recover for the use of the wharf, landing, and real estate of the appellants.

An answer was filed in several paragraphs, but as only the ruling upon the seventh is discussed by the appellants we omit the others. This paragraph alleges that the ground in question is situated in the city of Rising Sun, and fronting on the Ohio river, and " had been used for more than

twenty years before the loading of said boats, in complaint mentioned, by the public as a public landing and wharf in said city, for loading and unloading flat boats, and for mooring and fasting said boats, and for the convenience of the public in navigating said river by flat boats and other craft, all of which was well known to said defendants [plaintiffs] and those under whom they claim title, and with their assent." A demurrer was overruled to this paragraph.

This amounts to a claim of a dedication of the property to public use. The facts alleged, however, fail to show this. They do not show a dedication under such circumstances as to indicate an abandonment of the use exclusively to the community by the owners of the soil. To make a dedication it must have been a use by the public adverse and exclusive of the use and enjoyment of the property by the proprietors, and not a mere use by the public under and in connection with its use by the owners in any manner desired by them. *Irwin* v. *Dixion,* 9 How. U. S. 10.

But again, the dedication to the public claimed by this answer, is not of a simple right of way or passage, but to land boats, and load and unload freight, and thus encumber the land. No such use can be acquired by the public by prescription or custom. *Post* v. *Pearsall,* 22 Wend. 425; *State* v. *Wilson,* 42 Maine, 9. Such a right may, it is held in England, be acquired by the inhabitants of a local district, but cannot extend to the public. Whoever claims it by long usage must prescribe in a *que estate.* Washb. Easm. p. 77 § 17; *Pearsall* v. *Post,* 20 Wend. 111.

The demurrer should have been sustained to the seventh paragraph of the answer.

The judgment is reversed, and the cause remanded for further proceedings.

*A. C. Downey,* for appellants.