STARR, MCNULTY AND CARR v. THE PEOPLE, ETC., AND BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY.

COMMON LAW DEDICATION, WHEN IMPLIED.—Where a road runs through private lands its dedication as a public highway may be implied:

1. When it is satisfactorily proved that it was the owner's intention to set apart the land occupied as a road to the use of the public *as a highway*, and that there has been an acceptance by the public of the land for such use;

2. The evidence of intent must consist of such acts or declarations by the owner as clearly and unequivocally indicate his purpose to make the dedication, or such conduct on his part as equitably estops him from denying such intention;

3. The acts and declarations of the owner connected with the matter of the alleged dedication may be given in evidence in his favor;

4. The line of the road must be certain and definite; a general privilege or license by the owner to cross his lands, without reference to any special route, will not suffice;

5. *User* of the road by the public for a considerable length of time without objection by the owner of the land may increase the weight of the evidence, if any there be, arising from acts or declarations of the owner indicating his intent to dedicate; but *mere user*, without such acts or declarations, unless for a period of time corresponding to the statutory limitation of real actions, cannot be held sufficient to vest the easement in the public, as by prescription.

*Error to District Court of Lake County.*

INJUNCTION against obstructing public highway.  This was an action brought by the public authorities of Lake county,

Colorado, against Thomas Starr and others, defendants below, charging them with obstructing and threatening to dig up, wash out, and destroy a certain county road, alleging that said acts of defendants are a *purpresture* and a nuisance to the public highway.

The defendant Starr claimed the *locus in quo* as his private property; denied that the same was a public highway; and alleged that the other defendants were his lessees. A perpetual injunction was granted against defendants; they bring the cause to this court by writ of error.

Mr. J. S. JONES, for plaintiffs in error.

Mr. D. E. PARKS and PHILIP O'FARREL, for defendants in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The question presented for determination by this record may be stated thus: Was the road which the defendants were charged with obstructing, a public highway when this action was instituted?

In March, 1879, the defendant Starr received from the United States a patent for the land through which the alleged public highway runs. It was a mineral placer patent for 164 acres, more or less. Prior to that time, for a period of twelve or thirteen years, Starr had been in possession of the premises as a placer mining claim. Whether the road in question was or was not a public highway depends upon whether the same had or had not been dedicated to public use by the owner of the land.

The question of dedication must be determined from the evidence under the law applicable to the subject. Is is not claimed that there was any statutory dedication of the road in controversy; there was no evidence of an express dedication; hence, the inquiry is limited to the kind and *quantum* of evidence necessary to prove a dedication by implication or operation of law.

In an action of this kind a dedication may be implied:

1. When it is satisfactorily proved that it was the owner's intention to set apart the land occupied as a road, to the use of the public *as a highway*, and that there has been an acceptance by the public of the land for such use ;

2. The evidence of intent must consist of such acts or declarations by the owner as clearly and unequivocally indicate his purpose to make the dedication, or such conduct on his part as equitably estops him from denying such intention ;

3. The acts and declarations of the owner connected with the matter of the alleged dedication may be given in evidence in his favor ;

4. The line of the road must be certain and definite ; a general privilege or license by the owner to cross his lands, without reference to any special route, will not suffice ;

5. *User* of the road by the public for a considerable length of time without objection by the owner of the land may increase the weight of the evidence, if any there be, arising from *acts or declarations* of the owner indicating his intent to dedicate. But *mere user*, without such acts or declarations, unless for a period of time corresponding to the statutory limitation of real actions, cannot be held sufficent to vest the easement in the public, as by prescription.    Angell on Highways, secs. 131, 152 ; Elliot on Roads and Streets, 85–93 ; 2 Dillion Mun. Corp., secs. 636–638 ; *City of Denver v. Clements*, 3 Colo. 472 ; *Ward v. Farwell*, 6 Colo. 66.

There was no substantial conflict in the evidence as to any matter material to the determination of the cause.    From the testimony on both sides it was shown that a road had been used through the Starr placer for many years, both before and after the issuance of the government patent ; but there was no affirmative proof that any steps or proceedings in pursuance of any statute had been taken to vest an easement or right of way in the public in, to, over, or along any certain or definite line of road through said premises.    The public had, however, enjoyed the privilege of a road through said Starr placer claim, upon one line or another, for many

years, and the public authorities had made some repairs of such road; but there was no evidence that Starr had induced or led the public authorities to expend money in such repairs.

It was also shown that Starr had suffered or allowed a road to be used through said premises as a matter of convenience to himself, his neighbors, and the public; but he had frequently asserted his right to use the premises, including the road as his own private property, as a placer mining claim; he had from time to time engaged in "washing" the soil and gravel of said premises for mineral; and for that purpose had frequently caused the road to be moved from one place to another on said claim, as his interest or inclination dictated.

The evidence does not show that Starr ever did or said anything indicating his willingness that the public should occupy or use permanently any part of his placer claim as a public highway; nor does the evidence show that he suffered any certain definite line of road through said premises to be so occupied or used for any considerable period of time without interruption.

The evidence shows that on one or more occasions Starr denied to the public authorities the privilege of a road across said premises, except at such place or places, and for such time, as might suit his convenience; that he claimed the right to occupy and use the whole of his patented claim, including the land used as a road, for placer mining purposes; that the county officials on one occasion, several years after he obtained his patent, recognized and acquiesced in such claim; that in the prosecution of his work of placer mining, Starr actually "washed out" the road at different times and places, thus compelling various changes in its location, and that some of those changes were made within four or five years next preceding the commencement of this action.

Other facts and circumstances, which need not be stated in detail, were disclosed by the evidence, indicating that it

was not Starr's intention to dedicate the road in question to the use of the public as a highway.

The following from eminent jurists show the trend of judicial decisions upon this subject:

Chief Justice Campbell, in *People v. Jones*, 6 Mich. 182: "If the owner of the fee does such acts as show, unequivocally, an intent to dedicate his land to the public for a highway, such dedication, if properly accepted, will make the land dedicated a public highway, without reference to any particular period of time. But to make out a dedication, it is not only necessary that the act be done by the owner of the land, but all of the acts of the owner bearing upon the question are to be considered together. One act may be explained or qualified by another. * * * No dedication can be made out without an intent clearly manifested. And it is also necessary that the dedication be accepted."

Mr. Justice Breese, in *Kyle v. Town of Logan*, 87 Ills. 67: " While so much land, lying in common in the country, remains free to public use and travel, until circumstances induce owners to inclose, we can deduce no strength of inference or conclusion from mere travel across it by the public without objection from the owner. It is neither the temper, disposition, fashion nor habit of the people, or custom of the country, to object to the community enjoying such privilege, until owners wish to inclose."

Mr. Justice Walker, in *Gentlemen v. Soule*, 32 Ills. 278: " A prescriptive right cannot be acquired to pass over a tract of land generally, but it must be confined to a specific line or way. The public can no more claim a prescriptive right to pass, at any and all places, over a man's land, than can an individual. The right must be confined to a definite, certain and precise line."

Mr. Justice Crawford, in *Gardiner v. Tisdale et al.*, 2 Wis. 194: " Although length of time, as it relates to *user*, becomes in some cases an important consideration, yet in a country like ours, where roads and highways are being constantly enjoyed over the lands of persons without any authority of

law, and by the tacit permission of the owners, but without any act of theirs showing an intention to appropriate or yield their property to public use, we think it would be mischievous to permit user of itself, to be evidence of dedication."

Baron Parker, in *People v. Huskinson,* 11 M. & W. 829: " In order to constitute a valid dedication to the public of a highway by the owner of the soil, it is clearly settled that there must be an intention to dedicate—there must be an *animus dedicandi,* of which the user by the public is evidence, and no more ; and a single act of interruption by the owner is of much more weight, upon a question of intention, than many acts of enjoyment."

See also : *Johnson v. Lewis,* 47 Ark. 70; *Barker v. Clark,* 4 N. H. 380; *Talbot v. Grace,* 30 Ind. 389 ; *Lownsdale v. The City of Portland,* 1 Ore. 404; *Thomas v. England,* 71 Cala. 456 ; *Beall v. Clore,* 7 *Bush* (*Ky.*) 676.

From the foregoing view of the law, it is evident that at the commencement of this action the road in controversy had not been dedicated to public use as a highway, nor had the public acquired a right thereto by user as against the defendant Starr or his lessees. That there was a road through Starr's placer mining claim which the public had been accustomed for a long time to use by Starr's *permission,* and upon a line which was at all times subject to his control, cannot be denied. But the very gist of the controversy is whether such road was or was not a highway for the free use of every member of the community *as a matter of right*—a road dedicated to the use of the public and over which the public had full control.

Counsel for appellees seem to place some reliance upon the " Roads and Highways " act, approved March 9, 1883. Section 1 of said act reads :

" All roads and highways, except private roads heretofore established in pursuance of any law of this state or the territory of Colorado, and roads dedicated to public use, that have not been vacated or abandoned, and such other roads as are *now* recognized and maintained by the corporate authori-

ties of any county in this state, are hereby declared to be public highways." Gen. Stats., sec. 2953 ; Mills' Stats., sec. 3928.

As we have seen, up to the time of the commencement of this action, the road in question had not been " established in pursuance of any law of this state or territory ; " nor had the same been " dedicated to public use" by any common law dedication express or implied.   Thus, the former clauses of the section have already been considered.   The latter clause, " Such other roads as are now recognized and maintained by the corporate authorities of any county in this state, are hereby declared to be public highways," is not to be understood in the absolute, unqualified sense contended for by counsel.   Certainly, it cannot be held that every road which at the date of the passage of the act was recognized and maintained by the public authorities in any manner,—as by user or the making of slight repairs,—became, by force of the statute, *eo instanti*, a public highway, irrespective of any statutory or common law dedication and without reference to the period of user, or the duration or extent of such recognition or maintenance.   Private property is not thus subject to unrestricted legislative disposal.

It would seem to be unnecessary in this opinion to give the foregoing section a definite construction, since by the numerous changes made in the location of the road in question, it cannot be said that the line of the road, at the time of the trial below, was the same as at the date of the passage of the act of 1883.

Our conclusion is that the evidence under the law effectually disproves the claim asserted in behalf of the public, that the road through the land of the defendant Starr, as described in the complaint, was, at the date of the commencement of this action, a public highway.

The judgment of the district court must be reversed.

*Reversed.*