THE CITY OF DENVER v. JACOBSON.

1. COMMON LAW DEDICATION. — INTENT OF OWNER. — Common law dedications, when a prescriptive right has not attached, rest upon the actual intent of the owner of the property. This intent is to be established as any other fact, by evidence. It must clearly appear; but no particular formality is required nor is any unusual limitation placed upon the kind of proof to be received.
2. ESTOPPEL IN PAIS—CIRCUMSTANCES CONSTITUTING.—Such dedications operate by way of *estoppel in pais*, and the circumstances constituting the estoppel itself consist of acts showing the owner's intent, or of acts coupled with declarations by him.
3. RES GESTÆ : DECLARATIONS AND ACTS OF OWNER BECOME.— Where the intent is the specific subject of inquiry, declarations made by the owner of the property in connection with acts relied upon as constituting the dedication, become in law a part of the *res gestæ*. These declarations are then admissible, whether they tend to show that the acts were performed with an intent to dedicate or the converse, and whether offered by the original owner or his successor, or by the opposing party.

4. NEW TRIAL : DISCRETION OF NISI PRIUS COURTS.—*Nisi prius* courts possess some discretionary power in the granting of motions for a new trial, and reviewing tribunals interfere with great reluctance to reverse orders allowing the same.

*Appeal from District Court of Arapahoe County*

Mr. J. F. SHAFFROTH and Mr. THOMAS WARD, for appellant.

Mr. JOHN H. DENNISON and Mr. F. L. SHAW, for appellee.

MR. JUSTICE HELM delivered the opinion of the court.

This action was brought by appellee against the city of Denver for an alleged trespass committed in tearing down a fence built by her upon a certain strip of land of which she claims ownership. The city justifies the trespass upon the ground that the strip of land in question had been dedicated by E. P. Jacobson, appellee's husband, in his lifetime, as a street, such dedication being duly accepted by the municipal authorities, and that the fence was an unlawful obstruction thereto.

At the trial, the city gave in evidence certain declarations made by appellee's husband in connection with proof of acts upon which it relied to establish a dedication of the land for street purposes. Appellee offered in rebuttal proofs of other statements made by E. P. Jacobson in the same connection tending to negative the alleged intent to dedicate. The latter statements were rejected by the court. A verdict being returned in favor of the city, a new trial was allowed, mainly on the ground that the rejection of E. P. Jacobson's declarations thus offered was error. The case is before us upon appeal under the act of 1885 (no longer in force) from the order granting the new trial.

The principal question presented for consideration is, therefore, whether the declarations made by E. P. Jacobson in connection with acts proven to establish dedication, tending

to negative the intent, to dedicate, were admissible in evidence in favor of appellee. The city relied solely upon a common law dedication. Such dedications, when a prescriptive right has not attached, rest upon the actual intent of the owner of the property. This intent, therefore, becomes a matter of prime importance and is to be established as any other fact, by evidence. It must clearly appear, but no particular formality is required, nor is any unusual limitation placed upon the kind of proof to be received. Angell on Highways, sec. 142 *et seq.* Where the intent is the specific subject of inquiry, the declarations made by the owner of the property in connection with acts relied upon as constituting the dedication, become in law a part of the *res gestœ.* These declarations are admissible whether they tend to show that the acts were performed with an intent to dedicate, or the converse. And the owner and his successors, as well as the opposing party, are entitled to have them before the jury. Elliott on Roads and Streets, p. 132; *Bidinger v. Bishop,* 76 Ind. 244; *Buchanan v. Curtis,* 25 Wis. 99; *Proctor v. The Town,* 25 Ills. 153; *Laws v. The City,* 70 Wis. 306; *Quinn v. Eggleston,* 108 Ills. 248; *Irwin v. Dixion,* 9 How. 10; *Starr v. The People,* 17 Colo. 458.

The city offered in evidence various acts of E. P. Jacobson in connection with the strip in question and adjacent property, tending to show a purpose on his part to establish a street or highway. It also introduced a number of declarations made by him when performing those acts somewhat explanatory thereof and favorable to its contention. Additional statements of a contrary import made by him in connection with the same or similar acts should have been received. The rejection of appellee's offer in this behalf was error.

But it is claimed by counsel for appellant that the admission of the statements in question could not have changed the result; because, they say, the evidence offered and received, exclusive of declarations by E. P. Jacobson, conclusively establishes a common law dedication by way of estoppel

True it is that under certain circumstances and as against certain parties, the owner is estopped from denying the existence of an easement. *City v. Clements*, 3 Colo. 472, 484; *Starr v. The People, supra.* But all common law dedications operate by way of *estoppel in pais.* *City v. Clements, supra.* And the circumstances constituting the estoppel itself consist of acts showing the owner's intent or of acts coupled with declarations made by him.

The evidence supporting a dedication in the case at bar is strong. But counsel for the city deemed it necessary, as we have seen, to supplement their other proofs with testimony of the owner's declarations; they thus attested the value of similar counter-proofs on the part of appellee. And since the district court regarded the rejected testimony of sufficient importance to warrant a new trial, we are not prepared to interfere. *Nisi prius* courts of necessity possess some discretionary power in the granting of motions like the one before us. *Cook v. Doud*, 14 Colo. 483. While appellate tribunals have before them all the evidence, trial judges have the additional advantage of having seen and heard the witnesses and are in better position to determine how much or how little influence such errors as the one under consideration may have had upon the particular verdict challenged. When it does not appear that the discretion of the court has been arbitrarily or illegally exercised, reviewing tribunals interfere with great reluctance to reverse orders allowing new trials. *Cook v. Doud, supra.*

We cannot say that the order under consideration was error. The judgment is accordingly

*Affirmed.*