Reed, J.,
delivered the opinion of the court.
Plaintiffs in error were servants or employees of the Atchison, Topeka & Santa Fe Railroad Company; and while engaged in digging post holes on the line of the company’s right of way for the purpose of fencing the same, were arrested.
A criminal information was filed charging that they did “ unlawfully damage, interfere with, obstruct and injure and cause to be interfered with, obstructed and injured a certain road and highway in said county.” Trial and conviction followed, resulting in judgment of fine of $25.00 against each party convicted. Error is prosecuted from such judgment.
*260 1st. It is assigned for error that the court denied the motion to quash the information.
2d. In receiving the oral evidence of certain parties to establish the legal existence of a highway.
3d. In refusing to admit in evidence a certain plat or map offered by the defendants.
4th and 5th. In refusing and giving instructions.
It will not be necessary to pass upon the first supposed error. The judgment must be reversed for failure of proof to establish the legal existence of a public road or highway at the point where the obstruction and interference are alleged to have occurred. It is impossible to determine from the record whether the supposed highway existed by right of prescription, or by location by the county authorities by virtue of the statutes.
If by the former the proof signally failed, the proof showed an indefinite and indiscriminate use of a wide extent of country at the whim or caprice of the traveler, during the time necessary to establish a prescriptive right and various roads, either of which might have been claimed with equal propriety.
In Warren v. Town of Jacksonville, 15 Ill. 241, it was said: “ The use and occupation of this portion is only about seven years, without any proof of assent or dissent. It was over lands lying uninclosed and in common. While so much land lying in common in this country remains free to public uses and travel, until circumstances induce owners to inclose, we can deduce no strength of inference or conclusion from mere travel across it by the public, without objection from the owner. It is neither the temper, disposition, fashion, or habit of the people, or custom of the country, to object to the community enjoying such privilege, until owners wish to inclose.”
In Fox v. Virgin et als., 11 Ill. Court of App. 513, it was distinctly declared that the public could acquire no right to a road over vacant and uninclosed land by use alone for twenty years. See, also, Kyle v. Town of Logan, 87 Ill. 67.
*261 It was shown that the county records of the county of Bent, from which the county of Prowers was afterwards set off, were burned; parol proof of the laying out and dedication of the ground in controversy as a highway by the county authorities was attempted.
It is not necessary for the purposes of this case to determine what the evidence should be to establish the existence of a public highway, where the records were destroyed by fire. It is sufficient to say that evidence introduced from those who were supposed to have participated in laying it out was too indefinite and uncertain to establish any legal formality requisite to its legal existence.
It was shown by the evidence that the Atchison, Topeka & Santa Fe Company acquired its right of way and constructed its road some years previous to the alleged illegal obstruction by its employees; that at the point in controversy its right of way had remained unfenced, and that the supposed obstruction and interference occurred by the entry of the corporation to erect a fence upon the line of its own territory.
It is very doubtful if such act would bring its employees within the purview of the statute relied upon.
In sec. 1156, 1 Mills’ Ann. Stat., Gen. St. sec. 689: “ A crime or misdemeanor consists in a violation of a public law in the commission of which there shall he an union or joint operation of act and intention or criminal negligence.” These conditions could hardly be supposed to exist -where parties legally inclosing its own property erected a fence in a wagon track used by the public, on a very illy defined way of travel on the prairie where there was ample room for both, without greatly inconveniencing the public.
The intention of -the statute would seem to be to punish those who maliciously and intentionally obstructed a highway, fenced and defined, so as to obstruct and impede the public travel.
The conviction and judgment will be reversed and the cause remanded.

Reversed.