[No. 4387.]

THE BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY v. INGRAM.

1.  **Public Highways—Record—Notice—Statutory Construction.**
    The statute requiring the report of the viewers of a public road and a plat of the road to be recorded in the office of the recorder of deeds is for the purpose of giving notice of the establishment of the road. Where such report and plat are not re-

corded, subsequent purchasers of land through which the road is laid out, are bound by the proceedings of the board of commissioners establishing such road if they have actual notice of such establishment, but without such notice they are not bound.

2.  Same.

Under section 2953, General Statutes (Mills' Ann. Stats., Sec. 3928), where a road had been recognized and maintained by the public authorities since 1879, one who purchased land through which it ran in 1887 took the land subject to the easement of the public road notwithstanding the report of the viewers and plat of the road was not recorded in the office of the recorder of deeds.

*Error to the District Court of Weld County.*

Mr. CHARLES F. TEW, for plaintiff in error.

Mr. JOSEPH STERLING, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

The defendant in error began suit in the district court of Weld county to quiet title to a strip of ground sixty feet wide through certain land owned by her. She alleges in her complaint that she is the owner of the land in question and that the board of county commissioners claim a strip of ground sixty feet wide through the said land as a public highway; that the basis of the board's claim is a certain proceeding of the board of county commissioners had during the year 1879. The answer sets up a proceeding before the board of county commissioners began in April, 1879, and alleges that since said time the said road has been a public highway and that the public has been in the open and notorious possession thereof, and that the said road has been, ever since said time, recognized and maintained by the public authorities of Weld county; that by the act of congress passed in the year 1866 the United States offered to dedicate the right of way across the said land for a public highway, and that in the year 1879 the board

of county commissioners accepted the said dedication. The trial was to the court, without a jury. A decree was rendered in favor of the plaintiff, and the board of county commissioners bring the case here by writ of error.

The assignment of error which we shall discuss is that the court erred in rendering judgment for the plaintiff and in not.rendering judgment for the defendant. The defendant in error owns the south half of the southwest quarter of section 19 and the north half of the northwest quarter of section 30, township 4 north, range 66 west. The land in controversy is a strip of land sixty feet wide, thirty feet on each side of the east and west section line. The land in section 30 was purchased in 1887, the land in section 19 was purchased from the railroad company a few years later. The record of the proceedings of the board of county commissioners in 1879 is made a part of the record here. The proceedings before the board appear to have been conducted in substantial compliance with the statute; viewers were appointed upon the petition filed; a plat of the road appears to have been made and an order of the board establishing the road entered of record with the board of county commissioners, but the board failed to put upon record in the office of the recorder of deeds of Weld county the report of the viewers and the plat of the road, as required by the statute.

Section 2384 of the General Laws is as follows:

"Whenever the viewers of any road shall have completed their labors, and returned to the county commissioners their final report on any road, it shall be the duty of said board of commissioners to have all of said report, including plat of said road, put upon record in their respective counties in the office of the recorder of deeds for such county."

It by no means follows that a public highway can

not be established unless the report of the viewers and the plat of the road is recorded in the office of the recorder of deeds. The evident purpose of the statute is to give notice of the establishment of the road. Persons having actual notice of the establishment are, we think, bound, but subsequent purchasers of land are not bound, by the proceedings before the board for the establishment of a public highway without actual or constructive notice thereof.

Testimony was introduced tending to show that the road in question was recognized and maintained by the proper authorities at the time of the purchase of the land by the defendant in error and for many years prior to the time of said purchase; that since the year 1879 the road was maintained at public expense; that it had been a public highway and constantly used for public travel; and that the use by the public had been open and notorious, adverse to the owners of the land, and uninterrupted until the defendant placed obstructions therein a short time before the bringing of this suit.

Section 2953 of the General Statutes provides that "All roads and highways, except private roads heretofore established in pursuance of any law of this state or the territory of Colorado, and roads dedicated to public use, that have not been vacated or abandoned, and such other roads as are now recognized and maintained by the corporate authorities of any county of this state, are hereby declared to be public highways." This statute was in force at the time the defendant in error purchased the land, and if the road had been recognized and maintained by the public authorities since 1879, as claimed, it was a public highway and she took her land subject to the easement, notwithstanding the failure of the board of county commissioners to record the report of the viewers and the plat of the road. There was evi-

dence contradicting that offered by the plaintiff in error, and the court found the issue joined for the defendant in error. We cannot say that the finding is not warranted by the evidence, and the judgment is therefore affirmed.                          *Affirmed.*