[No. 5661.]

[No. 2929 C. A.]

LIEBER v. THE PEOPLE AND THE BOARD OF COUNTY COMMISSIONERS OF LINCOLN COUNTY.

1. **Public Roads—Notice—Innocent Purchaser.**

If the record of the location of a public road across land is insufficient to notify an intending purchaser of the existence of the road on the land, and if he has no actual notice of its existence, he will take the land free from the easement of the right of way of such road.

2. **Same.**

Where the plat filed with the county clerk showing the loca-

tion of a public road which defendant was alleged to have obstructed, located it a mile west of defendant's land on which the obstruction was alleged to have occurred, and the field notes located it a mile east of his land, the record was not sufficient to constitute constructive notice of the location of a public road across his land, and if he had no actual notice of such location he could not be guilty of obstructing a statutory public road.

3.  **Public Roads—Dedication by User—Evidence.**

Evidence that persons had traveled along the line of a road between its termini during the required period of time to constitute a dedication by user, without showing with reasonable certainty that such travel was upon or across the land in controversy, is not sufficient to establish the right of way of a public road across private land by user or prescription.

4.  **Same.**

Where a road passes for a long distance through a vast region of unenclosed and unimproved prairie land, mere proof of the use of such land for a long period of time, by individuals, or even by the public generally, for the purpose of travel, without objection from the owner, and without evidence from which an intent to dedicate might be inferred, is insufficient to establish such road as a public highway.

5.  **Same—Statutory Construction.**

The user necessary to give a road the character of a public highway, under Session Laws 1891, page 302, must have been adverse, that is, under a claim of right; the line of road must have been reasonably certain; there must have been an unqualified intention to set apart a line for the road, and the use must have been more than a mere permissive use.

*Appeal from the District Court of Lincoln County: Hon. William P. Seeds, Judge.*

Messrs. TELLER & DORSEY, Messrs. TALBOT, DENISON & WADLEY and Mr. C. J. MORLEY, for appellants.

Mr. THOS. J. EDWARDS, Mr. CHARLES L. DICKERSON, Mr. E. T. WELLS and Mr. JOHN H. CHILES, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

In this proceeding a decree was sought adjudg-

ing a fence, built by appellant upon his land, and which it is alleged crossed and obstructed an established public highway, in so far as it crossed the alleged highway, a public nuisance, and enjoining him from maintaining that, or any other, obstruction across the alleged highway. The existence of the alleged highway was denied.

Judgment was for the plaintiff, and defendant appeals.

There was no material conflict in the testimony. The evidence established the following facts:

The alleged obstacle was a fence upon section 23, township 11 S., R. 55 west, in Lincoln county, premises claimed by the defendant (appellant) under a deed from the Union Pacific Land Company, dated May 26, 1902.

The road was commonly known as the ''Sanborn road,'' extending from the town of Hugo, in a southwesterly direction, to the Sanborn ranch.

There was testimony tending to prove that portions of the road had been used and traveled by the public since the year 1876; that, in 1885 and 1886, proceedings were had before the board of county commissioners of Elbert county, in which county the road was then wholly located, for laying out this road as a public highway.

Commissioners were appointed; the notice required by the statute given; the line of the road viewed; report of the commissioners, accompanied by a survey and plat of the road, made; report approved by the board of county commissioners and the report, plat and field notes of the county surveyor, filed in the office of the clerk and recorder of Elbert county.

Subsequently Lincoln county was created, in part out of that portion of Elbert county including the lands here in controversy.

Under the act of the legislature creating Lincoln county, provision was made for transcribing that portion of the records of Elbert county relating to lands in Lincoln county, and, under this provision, a copy of the map filed with the county commissioners of Elbert county, by the county surveyor of such county, was filed in the office of the clerk and recorder of Lincoln county. This was the only portion of the record of the proceedings in the matter of the establishment of the road above referred to, required by the statute to be filed in the office of the clerk and recorder, which was transcribed into the records of Lincoln county.

The point is made by appellant that failure to transcribe into the records of Elbert county a complete record of the proceedings, relating to the establishment of this road, vitiates all action upon the part of the county commissioners of Elbert county, in the establishment of this road, so far as the same might affect appellant herein.

In the view we take of this case, it is unnecessary to decide this point.

The plaintiff sought to maintain this action upon two grounds:

1.　Statutory proceedings for the establishment of a public highway.

2.　Prescription or dedication.

1.　The plat, above referred to, located this road almost a mile west of section 23, the land claimed by defendant. The field notes accompanying this plat located this road almost a mile east of defendant's land.

The purpose of the record is to give notice of the establishment of a road.

Persons desiring to ascertain what roads have been established, must examine the records of the county, and are bound by such records. On the other

hand, the record required by the statute is such a record as will notify the intending purchaser of the existence of a road, and, unless the record affords such notice, if the purchaser be without actual notice, he takes his land, not subject to the easement of the right of way.—*Weld Co. v. Ingram,* 31 Colo. 319.

There is not a word in this record tending to prove that Lieber had actual notice of the existence of this road, previous to the purchase of his land.

The road, shown by the plat above referred to, did not touch defendant's land. The field notes of the county surveyor, filed with the plat, were practically unintelligible, and, according to the testimony of one witness, located the road a mile east of appellant's land while the plat located it a mile west. The plat, which was approved by the county commissioners of Elbert county, afforded him no notice of the existence of any road across his land, nor did the field notes do so, and, having no actual notice, we are of the opinion that, under the evidence in this case, the attempt to establish a road by statutory proceedings, as against the appellant, was a failure.

As illustrative of the transitory character of the locus of this road, it may be stated that, when the road overseer, accompanied by the sheriff, visited Lieber, in an effort to persuade him to remove the obstruction complained of, Lieber convinced these officials that the road about which they were solicitous did not cross his land at all.

2. Defendant's land formed a portion of a vast region of wild, unimproved prairie land.

Witnesses testified that there had been more or less travel along the line of the road, between the terminal points, since the year 1876, but whether such travel was along the line of road as it is claimed to exist across appellant's land, the evidence fails to disclose.

This road was twenty-five miles long.

Testimony to the effect that persons had traveled along the road, between its termini, is not of such character as to warrant the court in decreeing a right of way across private land, by user or prescription, in the absence of dedication or a valid statutory proceeding, unless it be shown, with reasonable certainty, that such travel was upon or across the land in controversy, which the testimony in this record wholly fails to do. In fact, no witness testified that he had ever traveled along this road, across defendant's land.

Mere proof of the use of land of this character, for a long period of time, by individuals, or even by the public generally, for the purpose of travel, without objection from the owner and without evidence from which an intent to dedicate might be inferred, is not sufficient to give a route so taken, the character of a public highway.—*Starr v. People,* 17 Colo. 458; *Friel v. People,* 4 Colo. App. 259; *O'Connel v. Chicago T. T. R. Co.,* 184 Ill. 308; *Topeka v. Cowee,* 48 Kan. 345.

Some early acts of the territorial legislature are referred to, which make roads of a certain character public highways. In the view which we take of the evidence before us, the dates of the passage of these laws forbid their application to the road in question.

An act of the legislature, approved March 9, 1883, provided that:

"All roads and highways, except private roads, heretofore established, in pursuance of any law of this state or territory of Colorado, and roads dedicated to public use, that have not been vacated or abandoned, and such other roads as are now recognized and maintained by the corporate authorities of any county in this state, are hereby declared to be public highways."—Mills' Ann. Stats., sec. 3928.

This road had not, at the time the foregoing provision took effect, been established, in pursuance of any law of this state, or of the territory of Colorado; there was no evidence whatever of a dedication to public use, or from which such dedication might be inferred; or that, down to the time of the enactment of the above statute, the road had ever been recognized or maintained as a highway by the corporate authorities of the county in which it lay; hence, it did not become a public highway by virtue of that act.

By an act, approved April 6, 1891, all roads which had been used adversely without interruption or objection upon the part of the owners of the land, for twenty consecutive years, were declared to be public highways.—Session Laws 1891, page 302.

The user, necessary to give a road the character of a public highway, under the last-cited statute, must have been adverse, that is, under a claim of right; the line of road must have been reasonably definite and certain; there must have been an unqualified intention to set apart a line for the road, and the use must have been more than mere permissive use. —*Starr v. People,* 17 Colo. 458, 463.

This record does not contain a word of evidence, which, in any manner, tends to prove that, down to the year 1886, when the commissioners of Elbert county took the action above noted, this, or any other, road through the land in controversy had been used adversely; there is absolutely nothing to show a claim or pretense of right before that time, inconsistent with the owner's title.

In 1886 the authorities of Elbert county undertook to establish a road in the vicinity of the premises owned by defendant; but the road they established was not this road; according to the testimony in this case, it might have been a road one mile east

or one mile west of defendant's premises, and, as against the defendant, such proceedings did not constitute an adverse claim, with respect to this road.

There is no evidence in the record to show that, at the time of the enactment of the last-cited statute, or even at the time defendant built the fence complained of, twenty years of any kind of user had elapsed.

From this record, we conclude that the plaintiff failed to maintain the cause of action alleged, and, for this reason, the judgment must be reversed.

*Reversed.*

The CHIEF JUSTICE and Mr. JUSTICE GUNTER concurring.