[No. 7691]

OLSON v. THE PEOPLE.

  1. PUBLIC ROADS—*By User*, over private lands, under Rev. Stat. sec. 5787, clause 3, exist only where the user has been under claim of right, and the line of the road reasonably definite and certain. *Lieber v. People*, 33 Colo. 493, 81 Pac. 270, followed.

  2. CRIMINAL LAW—*Malicious Mischief*—The pulling up of one or more posts of a fence in process of erection, warrants a conviction under Rev. Stat. sec. 1874.

*Error to Huerfano County Court.*—Hon. HENRY BLICKHAHN, Judge.

Messrs. CLINE & STARBUCK, for plaintiff in error.

No appearance for The People.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

Plaintiff in error, who was defendant below, was charged with, found guilty of, and fined for malicious mischief in pulling down and destroying a fence. The trial was to the court. The evidence for the People was that on a certain day one Miller commenced to erect a wire fence on his land, by setting posts about four or five steps apart. The next day he found that the posts he had set were pulled out. He continued the work of setting the posts and on looking back saw the defendant pull one of them out. For justification, the defendant contended and attempted to prove that the posts were set on a public highway and obstructed it. He also contended that if he was wrong in this, nevertheless he was not guilty of pulling down and destroying a fence as charged, because the evidence showed that he had only pulled up a post. These are his contentions here. We do not intend to decide that an individual is justified in taking the law into his own hands to redress a wrong to the public by removing such an obstruction in a highway in the manner that this was done. If such an act can ever be so justified, it can not be under the facts in this record, for the evidence does not establish the existence of a public highway. It was not claimed that the road over Miller's land was ever laid out as a public highway, but it is claimed that, by user for more than twenty years, such character was given to it by clause three of sec. 5787 Rev. Stat., by which "all roads over private lands that have been used adversely without interruption or objection on the part of the owners of such lands for twenty consecutive years," are declared public highways.

In *Lieber v. The People*, 33 Colo. 493, 81 Pac. 270, it was said, in speaking of this statute:

"The user, necessary to give a road the character of a public highway, under the last-cited statute, must have been adverse, that is, under a claim of right; the line of road must have been reasonably definite and certain; there must have been an unqualified intention to set apart a line for the road, and the use must have been more than a mere permissive use."

In the light of this opinion, the evidence in this record was not sufficient to make the road over Miller's land a public one. The court did not find how many posts the defendant pulled out. While he was seen to pull out but one, the circumstances would warrant the court in believing that he had removed others. The contention, that pulling out a post or posts of an incompleted fence, will not support a charge of pulling down and destroying a fence, seems to have support in *Burch v. State,* 67 S. W. 500. However, it appears less technical and more in keeping with our statute to say that a charge of pulling down and destroying a fence is sufficiently proved by showing the pulling out of a post or posts of a fence in process of erection. The judgment is affirmed.

*Judgment affirmed.*

Mr. Justice Gabbert and Mr. Justice Hill concur.

Decided April 7th, A. D. 1913. Rehearing denied January 12th, A. D. 1914.