## No. 8392.

HARDING *v.* THE NORTH POUDRE IRRIGATION COMPANY.

1. BRIDGE—*Obstructing—Evidence.*   Action for defendant's failure to maintain a bridge in repair, alleging (1) That defendant constructed the bridge over its canal upon a public road, the only access to plaintiff's farm; and (2) That in consideration of the vacation of the road, the defendant constructed a road and bridge over its canal, and agreed to maintain it for the public use, and for that of plaintiff. Upon both propositions the facts below are found for defendant and the judgment was affirmed.

2. EMINENT DOMAIN—*Award of Damages Construed.* Damages awarded for land taken for a canal through a farm, as well as damages to the residue by reason of the construction of the canal. *Held* the latter award compensated the land owner for the condition in which the farm was left, in respect to means of access.

*Error to Larimer District Court, Hon. Robert G. Strong, Judge.*

*On Rehearing.*

Mr. L. D. THOMASON and Mr. FRANK J. ANNIS, for plaintiff in error.

Mr. R. W. FLEMING and Mr. P. W. LEE, for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

THE plaintiff in error brought this action to recover damages from the defendant in error for its failure to keep in repair and safe for travel, a bridge across its canal, which it is alleged, afforded plaintiff the only means of ingress and egress from and to his farm.   The complaint contains two counts growing out of the same transaction.   The first is upon the theory that in 1902 defendant constructed its canal upon and across a public highway, where it constructed a bridge about forty feet in length, and maintained it up to

1910; that thereafter it refused to keep the bridge in repair, which had become unsafe for travel, and which prevented plaintiff from using it as a means of ingress and egress from and to his farm, etc., to his alleged damage in the sum of $6,000.00. After sundry amendments, the second count, among other things, alleges that during 1902, at the request of defendant company, the county commissioners ordered vacated that portion of a public road which lay contiguous to plaintiff's land, which order was based upon a report of a board of road-viewers theretofore appointed, etc.; that the necessity for said action arose from the fact that defendant constructed its canal in and over a portion of said highway, practically the distance of said land, by which it was cut off from said public highway, and that in consideration of the commissioners vacating said highway, and allowing the defendant to occupy the same, the defendant constructed a roadway and a bridge thereon, over said canal, and agreed to maintain the same at its own expense, from the lands of plaintiff to said proposed public highway, on the east side of said canal, for the benefit of plaintiff, as well as the general public, and that in consideration of the recommendations of said road-viewers, the defendant constructed the road at its own expense, and the bridge opposite plaintiff's gate, which gave him access to the public highway, etc.; that plaintiff, relying upon the recommendations of said road-viewers, and the acts and conduct of the defendant in constructing said road and bridge, accepted and has used the same with the public ever since as a public highway, and as the only means of ingress and egress from and to his farm; that the defendant, in accordance with its agreement, maintained and kept in repair said bridge, at its own expense until 1910, when it refused to thus continue to his damage, etc.

Trial was to the court, which, at the close of plaintiff's testimony, gave judgment to defendant for its costs.

Numerous errors are assigned pertaining to the pleadings. It is unnecessary to consider them. The plaintiff filed sundry amendments. The last was during the taking of testimony. We are unable to appreciate wherein his

rights were in any way prejudiced concerning the ultimate pleadings. The difficulty is with the plaintiff's proof. It fails to establish that the defendant company constructed its bridge over its canal upon a public highway, but it discloses affirmatively to the contrary, and that the road referred to in the first cause of action had been vacated by the board of county commissioners in the method provided by statute.

Counsel claims that the proof sustains plaintiff's second cause of action to the effect that the road in question is a public road; that it became such by dedication of the defendant, either express or implied, the acceptance by user, etc., and that, as the bridge is more than twenty feet in length, our statute requires the defendant to perpetually maintain it in good repair. If such were the facts, the duty follows, but in passing upon plaintiff's proof, the court found and said:

"The motion will be sustained, not finding from the evidence any contract, express or implied, or the existence of a public highway, or any highway under the meaning of the statute, at the point of the location of the bridge; that any former highway theretofore existing has been vacated by order of the public board charged with power; that there is no clear, unequivocal evidence of the dedication for the purposes of a public highway attempted, even to private individuals as such, at the particular location of the bridge, and no statutory dedication."

Plaintiff's evidence discloses that during the year 1902, in the manner provided by statute, the board of county commissioners ordered vacated that portion of the county road thereafter used for the ditch right of way; that said order was based upon a report of a board of road-viewers theretofore appointed, but the plaintiff failed to show as his pleadings alleged, by direct declaration, or necessary implication, that in consideration of said commissioners vacating said highway, or at all, that the defendant constructed the other roadway and bridge thereon, and agreed to maintain it at its own expense. So far as any contractual relations are concerned, there is an entire lack of testimony to support

the plaintiff's contention; besides, it is shown upon cross-examination of plaintiff's witnesses that after the ditch and bridge were constructed, a condemnation suit between these parties was tried, which called for the taking of a certain portion of plaintiff's farm, through which this canal passed; that in that action plaintiff was not only awarded damages for the land taken, but also damages to the residue upon account of the construction of the canal, which included the condition in which his farm was left pertaining to ingress, egress, roads, etc.; that when the board of county commissioners vacated certain highways, and established others upon the report of the road-viewers acting upon the petition therefor, etc., the road-viewers recommended the opening of a new road through lands of defendant, including where the bridge was constructed, but that the board of county commissioners, while accepting and ordering other roads petitioned for, and recommended by the road-viewers, refused to adopt the recommendation as to this Road No. 2. In referring to it, their record states that this portion (describing it) "shall not be a public highway." There is no testimony showing that the county commissioners have ever accepted this road, or the bridge, as a part of the public highway, or have ever expended anything thereon. 'Tis true, defendant constructed the bridge, and left a space through its land for travel to and from the bridge, which has been used by plaintiff and a few other people, and, that the defendant kept the bridge in repair until about 1910; but the evidence further shows that when the bridge was constructed, the defendant was the owner of land reached by this bridge, and that it was used by its tenants in going to and from defendant's land; that the strip claimed to be thus dedicated was only one hundred fifty feet in length, extending from the public road to private lands only, and had no other objective point. Also, that the bridge was in existence when the board of county commissioners refused (and made it a matter of record) to permit it to become a county road.

Without considering the contention of the defendant that

the act of 1891 eliminates roads by perscription, or adverse user, unless continued for a period of twenty years or more, and assuming for the purposes of this discussion that the law is the same now as it was when *Starr v. The People,* 17 Colo. 458, 30 Pac. 64, and *City of Denver v. Railroad Companies,* 17 Colo. 583, 31 Pac. 338, were decided, when tested by the rules announced in these cases, we are of opinion that the court was correct in holding that there was no public highway at the place where the bridge was constructed and that under the circumstances disclosed by plaintiff's proof, defendant was under no legal obligation to bear the expense of maintaining the bridge in the future.

The former opinion will be withdrawn and the judgment affirmed.                                            *Affirmed.*

Decision *en banc.*

Justices Scott, Teller and Allen dissent.

Decided January 3, A. D. 1916.   Rehearing granted July 3, A. D. 1916.   Affirmed on rehearing May 7, A. D. 1917.