[No. 7830]

## SPRAGUE v. STEAD.

1. STATUTES—*Construed*—A statute (Gen. Stat. 1883, sec. 2988) prohibited the obstruction of a public highway, without providing any penalty. An amendment (Rev. Stat., sec. 5826) imposed a penalty, and in addition provided that the offending party should be "liable to any person * * * ·in a civil action for damages resulting." *Held*, that a person injured by the obstruction·of a highway, preventing access to his hotel, or rendering access to his other premises less convenient was entitled to recover the damages so occasioned.

Sec. 2477 of the Revised Statutes of the United States is an express dedication of a right of way for public roads, over lands of· the public domain not reserved for public uses. The acceptance of the grant may be effected by public use. Such use, confined to a reasonably definite and certain line, creates an easement affecting all subsequent entry-men and claimants.

2. PUBLIC HIGHWAY—*By User*—The use by the public of a certain and definite way for more than thirty years, begun while the lands traversed are part of the public domain, and continued afterwards, without objection from the entryman, is sufficient to show an acceptance by the public of the grant made by the act of Congress (Rev. Stat. U. S., sec. 2477).

3. INJUNCTION—*Obstruction of Public Highway*, preventing access to a public house, and interfering with the resort of the guests of such hotel to places of interest in the neighborhood, the wrong-doer threatening the continuance of the obstruction, affords ground for an injunction.

4. ——*Decree—Certainty*—A decree enjoining the obstruction of a public highway must define such highway with reasonable certainty.

The decree affirmed save as to the description of the road, and the cause remanded with directions to take further testimony, if necessary, in order to definitely describe the highway, and to amend the decree accordingly. Costs divided one-fifth taxed to defendant in error and the residue to the plaintiff in error.

*Error to Larimer District Court.*—Hon. NEIL F. GRAHAM, Judge.

Mr. GEORGE A. CARLSON, and Mr. CLAUDE C. COFFIN, for plaintiff in error.

Mr. R. W. FLEMING, and Messrs. FARRAR & FLEMING, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Sprague, as plaintiff, brought suit in the nature of trespass and for damages against Stead for breaking the locks, gates and fences of plaintiff, and entering upon and passing over his premises at divers times during the summer of 1911. He alleged that defendant threatened to continue to trespass upon his premises, which would cause irreparable injury, and the necessity of a multiplicity of suits, and prayed for an injunction restraining defendant from continuing the trespasses. For answer defendant admitted that he broke and entered and passed through plaintiff's premises, as charged, but justified these acts upon the ground that the gates and fences he was charged with having broken were obstructions upon a public highway, which he alleged was established and occupied by the public, while the lands over which it passes were a part of the public domain, not reserved for public uses; and by way of cross-complaint set forth that he had been damaged by plaintiff's acts in obstructing the highway, and prayed for damages and an injunction inhibiting him from obstructing such highway in the future. By replication plaintiff denied the existence of the public highway or any injury to defendant. Trial was had to the court and from the evidence adduced the court found that the way across plaintiff's premises was a public highway, refused plaintiff any relief against the defendant and enjoined plaintiff from further obstructing such highway. Plaintiff brings the case here on error.

The first error assigned is that the cross-complaint did not state a cause of action entitling defendant to the injunction awarded. The cross-complaint alleged in substance that defendant was the owner of premises upon which he operated a hotel for tourists, during the sum-

mer season; that these premises are adjacent to those through which the highway in question runs; that he is the owner of lands, beyond these premises, which he uses for pasture and timber; that there are points of scenic interest in the vicinity of these lands; that the only other public road, except the one involved, by which he and his guests can get to these lands and scenic places, is about seven miles long, as against a little more than one-half mile by the road across the premises of plaintiff; that this road was established, used and occupied by the public as such for more than twenty years prior to the time the action was instituted by plaintiff; that on or about the 4th of July, 1911, and at divers times thereafter, plaintiff unlawfully and without right obstructed such road and barricaded it against the lawful use thereof by defendant, and the public generally, and with the intention to prevent the defendant from using such road in the future as a means of getting to and from his pasture and timber lands. The particular ground urged in support of the proposition that the cross-complaint fails to state a cause of action is to the effect that it does not appear therefrom that defendant is entitled to use the highway for a different purpose from that of other people, or that he has suffered any special injury differing in kind from that suffered by the public generally. This rule of law is applicable to cases like *Gilbert v. Greeley S. L. & P. Ry. Co.*, 13 Colo. 501, 22 Pac. 814, where a railway secures the right of way from a municipality to construct a road along or across a street or other public highway. But that is not this case. The statute, section 5826, Revised Statutes 1908, makes it a criminal offense for any one to obstruct a public highway, and also provides that the person causing the obstruction shall, "be liable to any person or persons or corporation in a civil action for any damages resulting therefrom."

So that in cases like the one at bar any person injured by the unlawful obstruction of a highway in the manner mentioned in the statute above noticed is given the special right to maintain an action to recover damages he may have sustained by reason of such obstruction. That this is the purpose of the law is evident from the fact that the statute as originally passed, section 2988, General Statutes, merely provided that no person should obstruct a highway, without providing any penalty. This was amended in 1885 by providing that one obstructing a highway would not only be liable to criminal prosecution but should also respond in damages to any person injured by such obstruction. It appears from the averments of the cross-complaint, in connection with the allegations of the complaint, that it is the purpose of plaintiff to continue to obstruct the highway involved. It is evident that such action on his part will cause defendant irreparable injury, that his damages would be difficult of ascertainment, and that actions for damages must necessarily result in a multiplicity of suits. In such circumstances equity will assume jurisdiction to grant relief when it is apparent that an action at law is not adequate.

It is next urged by counsel for plaintiff that the testimony is insufficient to establish that the way in dispute was a public road. The evidence on this point is to the effect that in 1876 or 1877 the land over which the road passes was unoccupied public domain not reserved for public use; that at this time the public began to use the road, which has ever since been used by the public in practically the same place and upon the same line originally established; that in 1882 the land over which the road passes was filed upon by the predecessor in interest of plaintiff and patent obtained in 1890; that some time after this filing the land was fenced and gates erected at each end of the road; that the public continued using the

road without objection on the part of the plaintiff and his grantor until 1910, and that during this period, persons using the road worked thereon in order to improve its condition. A right of way for a public road can not be acquired by passing over a tract of land generally, but must be confined to a reasonably definite and certain line; *Starr v. People,* 17 Colo. 458, 30 Pac. 64; *Lieber v. People,* 33 Colo. 493, 81 Pac. 270. The court found that the road was reasonably well defined, and at all times continued practically in the same place. The testimony appears to be sufficient to sustain this finding and to satisfy this requirement of the law, that is to say, the travel over the way claimed as a public road since it commenced has been confined to substantially the same line.

The court found that the road involved was opened up, used, occupied and traveled by the general public at a time when the lands over which it passes were public domain, and it is claimed that the testimony is insufficient to sustain this finding. It appears from the evidence that the title under which plaintiff claims was initiated by a filing made in 1882, and that a patent was subsequently issued on this filing. Certainly the land must have been public domain when it was filed upon otherwise it would not have been received. There is also other evidence tending to prove that the premises were public domain in 1879. The road was first traveled in 1875 or 1876, and continually thereafter, and from the evidence as a whole we think it is sufficient to sustain the finding of the court that when the road was first established it passed over public domain.

By act of Congress, passed in 1866, section 2477, Revised Statutes United States, Comp. St. 1901, p. 1567, it was provided:

"The right of way for the construction of highways

over public lands not reserved for public uses is hereby granted.''

This was an express dedication for a right of way for a road over the land belonging to the government not reserved for public use. The acceptance of such grant while the land was a part of the public domain may be effected by public use. An appropriation in this manner is made with the consent of the owner previously given, and when confined to a reasonably certain and definite line creates an easement for the purposes of a highway, and subsequent entrymen and claimants take such land subject to that easement.—*Montgomery v. Somers,* 50 Or. 259, 90 Pac. 674; *Murray v. City of Butte,* 7 Mont. 61, 14 Pac. 656; *McRose v. Bottyer,* 81 Cal. 122, 22 Pac. 393; *Bequette v. Patterson,* 104 Cal. 282, 37 Pac. 917; *Wallowa County v. Wade,* 43 Or. 253, 72 Pac. 793; *Van Wanning v. Deeter,* 78 Neb. 284, 112 N. W. 902.

The road involved has been used by the public ever since it was established without objection until 1910. This is sufficient to show an acceptance by the public of the congressional grant and establish that the title to this land was taken subject to the right of way for such road.

Counsel for plaintiff insist that the decree of the court describing the road is so indefinite and uncertain that it should not be permitted to stand. We think there is merit in this claim. It describes the road in the most general terms as beginning at a point on the south line of a designated subdivision of section 32 T 5 N R 73 W of the 6th P. M., and thence by a meandering course through other subdivisions of this section to its north line. The plaintiff is enjoined from obstructing this highway upon the premises it embraces. Its course is so indefinite and uncertain that to leave it in this situation invites future

litigation and trouble. A highway, however established, should have reasonable certainty of limits and direction. The decree is defective in this respect, but should not be reversed in its entirety as the defect can be remedied by amendment.

We shall, therefore, affirm the judgment except as to the description of the highway and remand the case with directions to take further testimony, if necessary, in order to definitely describe the highway and amend the decree accordingly. The costs of such further proceedings shall be borne equally by the parties.

It appears that counsel for plaintiff, by motion for a new trial, called the attention of the court to the uncertainty of the description of the road in the decree. Having made this motion, counsel for defendant should have had the decree amended in this respect. Plaintiff was compelled to bring the case here in order to have the decree corrected, and the costs in this court will, therefore, be taxed as follows: Four-fifths to plaintiff in error and one-fifth to defendant in error.

*Judgment affirmed except as to description of road and cause remanded with directions.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE HILL concur.