## No. 13,385.

Fruit Growers Ditch and Reservoir Company *v*. Donald.

(41 P. [2d] 516)

Decided February 11, 1935.

Messrs. Fairlamb & Fairlamb, for plaintiff in error.

Messrs. Moynihan, Hughes & Knous, for defendant in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

This is a controversy between plaintiff Donald and defendant Fruit Growers Ditch & Reservoir Company con-

cerning alleged ownership rights of Donald in and to one-half foot of water for irrigating his certain forty acre tract of land in Delta county, Colorado. Hearing upon the issues joined by the pleadings was, the parties consenting, by the trial judge, whose findings of fact were in favor of plaintiff Donald; upon the findings a decree was rendered in his favor, which the defendant fruit growers company seeks to have set aside. The trial judge made specific findings of fact upon which the decree for plaintiff was based, and a summary of these findings is the best way to elucidate the controversy.

The trial judge, among other things, said in his findings that the plaintiff's claimed right for the water in dispute had its origin in a deed from Jessie E. Hart and others to plaintiff's grantors and in a certain decree of court whose benefits have passed to plaintiff. Plaintiff's rights rest upon a grant which, as he claims, vests in him an easement in the reservoir of the defendant company from which he has the right to draw water for the irrigation of his lands. Plaintiff's demand upon defendant for water for use thereon was first made sometime during the year 1920, about one year after he purchased the same. The defendant refused this request. Other like demands at different times were made by the plaintiff which the defendant company refused. The trial court apparently found from the evidence that the demands of plaintiff on defendant company were to some extent properly refused because he was not prepared to use the water on the land to which its use was restricted. Plaintiff is not entitled, therefore, in this action to any damages, and he does not ask damages, merely for defendant's refusal to deliver the water at the time he had no means of conveying it to his land. It is, however, by reason of the issues raised by an affirmative defense in the fruit growers' answer that the trial court gave judgment in favor of the plaintiff for a portion of the relief which he demanded. The trial judge in his findings said that plaintiff's right to the use of water rests upon a grant which carries with it an ease-

ment in defendant's reservoir through which the right was to be utilized, and further said that such right is not lost by nonuser alone, and not unless coupled with adverse use on the part of the defendant for the length of time necessary to give defendant such right, which use is not present in this case.

Upon the state of facts above summarized the trial court held that the plaintiff is entitled to a decree quieting his title to one-half foot of water which he prayed for in his complaint, but to no other or different relief. It is upon such findings, and the resulting decree, that we are asked to pronounce judgment.

The recital in the decree rendered by the trial court, after referring to its findings of fact, and conclusions of law as above set forth, thus further proceeds: The court further finds that the plaintiff through mesne conveyances is the owner of the certain rights of his predecessors in interest, and through which he claims, and upon which decrees were formerly entered, and such rights entitle him to one-half of a cubic foot of water per second of time out of the three cubic feet of water per second of time provided for in such decree of plaintiff's predecessors, for use upon the certain lands which are now owned by him, describing them, which lands are the same that were owned by the plaintiff's predecessors in interest at the time when the original decree as to the plaintiff's one-half of a cubic foot of water was rendered. The trial court specifically found that the right to the use of such water has not been lost and such right remains in the plaintiff as the successor of his remote grantors. The specific judgment and orders rendered by the trial court now under review, were that plaintiff is entitled to have delivered to him by the defendant company for use upon his forty acre tract of land one-half of a cubic foot of water per second of time when needed for the irrigation thereof, and that title of the plaintiff to such one-half cubic foot of water is quieted as against the defendant Fruit Growers Ditch & Reservoir Company which asserts its right

thereto. The decree specifically requires and decrees that the defendant company shall, upon demand of the plaintiff, deliver said one-half cubic foot of water per second of time to the plaintiff.

It may be true, as defendant says, that there is some uncertainty, indefiniteness or inconsistency in this record, and in such respects the injury, if any, arising therefrom is borne, perhaps, equally by the respective parties. Upon the whole case, however, and after a careful study of the entire record, we are of the opinion that the trial court's findings and judgment are sufficiently established by the evidence and that we would not be justified in setting them aside. The easement and other rights thus acquired by the plaintiff are not lost by reason of the fact that the plaintiff has not fully utilized them, at least to the extent such use might have been made.

It is said by Thompson on Real Property, vol. 1, page 751, section 635: "Mere nonuser of an easement acquired by grant, however long continued, does not create an abandonment. This occurs only where in connection with nonuser there is a denial of title, or some act by an adverse party, or attendant facts and circumstances showing an intention on the part of the owner of the easement to abandon it. And the mere fact that the nonuser continues for the prescriptive period is immaterial, in the absence of any adverse acts on the part of the servient owner."

Two cases in our own court—*People, ex rel. Standart v. Farmers High Line Canal & Reservoir Co.*, 25 Colo. 202, 54 Pac. 626, and *Farmers' High Line Co. v. New Hampshire Co.*, 40 Colo. 467, 92 Pac. 290—follow the doctrine laid down by Thompson in his work on real property. In the Standart case a contract existed between the ditch company and the water user, which contract was construed by this court as giving the user the right to a specified quantity of water from the ditch and reservoir system of the company for use on certain lands when needed. The action in question was to enforce this right.

Abandonment was plead, but the district court found the issues in favor of the plaintiff and ordered the water to be furnished. It was held in these two cases that such a right—which is the same kind of a right that is involved in the pending action—constitutes an easement in a ditch and such a right cannot be lost or abandoned by nonuser alone short of the period for limitation of an action to recover real property, which is twenty years in Colorado. In the case now before us Donald's right was acquired by deed and we have said in these two cases just mentioned that no length of time of nonuse will impair or defeat the right, and that nothing short of a use by the owner of the premises over which it is granted which is adverse to the enjoyment of such easement by the owner thereof for the space of time long enough to create a prescriptive right, will destroy the right granted. In the New Hampshire Company case, supra, the following observation was made: "If the easement has been acquired by deed, no length of time of mere nonuser will operate to impair or defeat the right. Nothing short of a use by the owner of the premises over which it was granted, which is adverse to the enjoyment of such easement by the owner thereof for the space of time long enough to create a prescriptive right, will destroy the right granted."

In these two cases just mentioned and the case of *South Boulder Co. v. Davidson Co.*, 87 Colo. 391, 288 Pac. 177, the doctrine applicable to the case in hand is summarily embodied in the following statement by Mr. Justice Moore, in the South Boulder Company case, at page 392: "Abandonment must be proven by evidence of nonuse and intention to abandon. Intention may be shown either expressly or by implication. The fact that a decreed appropriator of water has failed to use the same for a period of forty years evidences an intention to abandon. While evidence of nonuse for a period of forty years may not be conclusive of abandonment, a prima facie case thereof is so shown."

Under these decisions of our court the contention of de-

fendant upon this review cannot be sustained. Although plaintiff Donald has not made actual use of his decreed water right upon his premises, the record clearly shows that the physical conditions were not such that he could have irrigated his land. Such nonuser, however, has not been for a period of time for limitation of actions to recover real property. Donald's rights or easement were acquired by deed. It is said in Washburn's Easements and Servitudes (4th Ed.), 717, if such easement has been acquired by deed no length of time of mere nonuser will operate to impair or defeat the right. It is further said by Washburn: "Nothing short of a use by the owner of the premises over which it was granted, which is adverse to the enjoyment of such easement by the owner thereof, for the space of time long enough to create a prescriptive right, will destroy the right granted."

This observation is peculiarly appropriate to the record now before us. Donald's easement or right, whatever it may be designated, was acquired by deed. The defendant company's claim that it has been lost by nonuser does not operate to impair or defeat his right. The period of the statute of limitations of Colorado which is applicable to this case is twenty years, within which suit to recover real estate or interest therein must be brought. This action was brought within this period of limitation. Plaintiff is right in his contention that there was sufficient evidence upon either of these theories to justify decision of the trial judge below who determined that there was no abandonment in this case by the plaintiff of his right to the use of this water. Mere nonuse of the right by plaintiff, though for a long period, does not work an abandonment, as the authorities hereinabove referred to clearly reveal. Upon the whole case we think the judgment of the trial court was right, and it is therefore affirmed.

Mr. Chief Justice Butler and Mr. Justice Hilliard concur.