## No. 15,307.

DeReus et al. *v.* Peck et al.

(162 P. [2d] 404)

Decided October 1, 1945.

Mr. Bernard J. Seeman, Mr. James D. Doyle, for plaintiffs in error.

Mr. E. Clifford Heald, for defendants in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

Frederick S. Peck and Edith R. Phillips, defendants in error, hereinafter referred to as plaintiffs, were successful in obtaining a judgment and decree quieting title to, and an injunction against interference with, an easement over the lands of Victor G. DeReus and William DeReus, plaintiffs in error, hereinafter referred to as defendants, to review which judgment defendants prosecute this writ of error.

The complaint alleges that plaintiffs and their predecessors in interest acquired title to certain lands in Jefferson county, Colorado, in 1908, and thereafter and continuously "openly and notoriously used, traveled over and occupied, and claimed the right to use, travel over and occupy, for the purpose of reaching their said land, a certain lane, way or road extending from a point at or near Bear Creek to the said lands of the plaintiffs and through and across the lands of the defendants, * * * with the assent, acquiescence, knowledge, and agreement of the then owners of the defendants' said lands and of the defendants' predecessors in the title thereof. * * *"; that the defendants acquired title to the land over which the easement is claimed in 1935 and

thereafter and until November 1, 1941, the easement was enjoyed by plaintiffs and their agents and tenants without objection on the part of the defendants; "that about the month of November, 1941, * * * the defendants barred said lane, road or way by means of a lock placed upon a gate across the same," and "now refuse to allow plaintiffs, their agents or tenants to enter upon the part of said lane running through and across their said lands." Plaintiffs prayed that their title be quieted to the easement and that defendants be enjoined from interfering with their use thereof.

Defendants in their first answer and defense admitted their ownership of the premises over which the easement was claimed; admitted that the lands over which the easement was claimed was acquired by them as set forth in the complaint; admitted that they refused plaintiffs the right or privilege to travel or enter upon any part of the lane running across their land, and will continue so to do unless enjoined; and denied each and every other allegation in said complaint. In their "first and further defense" defendants allege that the use of the way across their lands was permissive only; in the second they aver that a way of necessity did not exist; in the third, fourth and fifth defenses they plead the bar of the statute of limitations as set forth in sections 136, 143, and 144, chapter 40, '35 C.S.A., and by the sixth defense they move to dismiss the complaint upon the ground that "it fails to state a claim against defendants," a ground for a general demurrer under our original Code.

At the conclusion of plaintiffs' evidence, defendants moved for nonsuit, which motion was denied, and thereupon, defendants electing to stand on their motion, the court entered its judgment and decree in favor of plaintiffs and against defendants, by the provisions of which the easement was quieted in plaintiffs and a permanent injunction granted against defendants' interference with

the use thereof. The decree contained, inter alia, the following:

"1. That the plaintiffs are the owners of a permanent easement, appurtenant to their lands, hereinafter described, for the plaintiffs, and for their heirs, executors, administrators and assigns, agents, lessees, invitees, and tenants, to repair and maintain, and to travel on and to pass and repass, with their vehicles, animals, and other personal property, at all times, freely and without let or hinderance, over and along the certain lane, way, or road, which traverses the Southeast quarter (SE ¼) of Section 25, Township 4 South, Range 71 West, in Jefferson County, Colorado, from the public road or highway. situate in Bear Creek Canyon at or near the South line of said Southeast quarter (SE¼) of Section 25, across said Southeast quarter (SE¼) of Section 25, to the lands of the plaintiffs, hereinafter described along the course and line of travel of said lane, road, or way, as the same was used and traveled prior to the month of November, A. D. 1941, by the plaintiffs, their agents, lessees, invitees, and tenants, for the purpose of ingress and re-ingress, egress and regress to, from and between said public highway and the following described lands of the plaintiffs in said County of Jefferson, and State of Colorado, to-wit: * * *

"2. That the claim and title of the plaintiffs in and to the right and easement hereinabove described, in, upon, and over the Southeast quarter (SE¼) of Section 25, Township 4 South, Range 71 West, in Jefferson County, Colorado, be and the same is, hereby, quieted against all claims of the defendants, and each of them, and their, and each of their heirs, executors and administrators; and that the defendants, and each of them, and their, and each of their, heirs, executors and administrators, be and they are, hereby, forever enjoined and debarred from asserting or attempting to assert any right, title, interest, or claim in or to said easement, as against the plaintiffs, their heirs and assigns.

"3. That the defendants, and each of them, and their, and each of their, agents, servants, and attorneys, be and they are, hereby, strictly and perpetually enjoined and restrained from hindering or interfering in any manner with the plaintiffs, their heirs, executors, and administrators, agents, lessees, invitees, and tenants, in the use and enjoyment of the plaintiffs' said right and easement, hereinabove described. * * *"

The specification of points upon which defendants rely for a reversal are presented in their brief under the following titles: "1. Location of right-of-way too indefinite to sustain a judgment." "2. Need for way of necessity not established." "3. Claim to right-of-way by prescription not established." We shall treat these in inverse order.

■ 2. and 3. The court found the issues generally in favor of the plaintiffs and against the defendants. There was competent evidence before the court to justify its finding that plaintiffs were in the open, notorious, adverse, and visible use and occupation of the easement under claim of right from 1908 to November 1, 1941. This finding of fact fully warranted the determination of the court that plaintiffs had acquired title to an easement appurtenant to their lands and fully justified the court's order enjoining defendants from any interference with plaintiffs in the use thereof.

■ 1. An easement is a right conferred by grant or acquired by prescription authorizing one to do or maintain something on the land of another which, although a benefit to the land of the former, may be a burden on the land of the latter. It is a privilege existing distinct from the ownership of the land itself, nevertheless it is an interest in land. A right-of-way over the lands of another may be an easement. The complaint in the instant case contains no legal description of the easement, and no evidence whatever was introduced from which the court might determine it. The decree quieted plaintiffs' right to an easement over a quarter section

of land without in any way describing its length, width, or termini. It will be observed that the description of the easement in the decree contains no boundaries, no monuments, no directions, or other information that identifies the indefinite strip of land across defendants' forty-acre tract. Where did it begin and where did it end? In what direction does it extend? The answers to these questions should be contained in the decree for otherwise one examining the title to defendants' land would be at loss to determine what portion of the forty acres was affected. It is apparent from the record that the matter of describing the exact location of the easement was rather perplexing to the court, for it suggested that a survey might be necessary before the decree could be entered. In this connection it said:

"In my discussion of your motion I neglected to discuss your contention that the description must be definite. I realize there is no definite description of this right-of-way, but it is the theory of the Court that the right-of-way does exist even though there is not a definite description of it on paper.

"If the Court should determine that that would be necessary for a valid decree, the court would have a right to make that certain.

"However, that does not change the ruling on the motion and you may submit your decree in any way which you see fit; and, if the Court agrees with you on that, it will sign the decree.

\* \* \*

"Mr. Heald: I have in mind preparing a decree to read as to the way now in existence and used.

"The Court: There is a little doubt in the mind of the Court as to whether or not that is satisfactory, but it does not appear there is anything we can do about it at this time. It is my opinion that a court in an equity suit has within its power to cause that to be made certain if the court felt that should be done. Then, if there

wasn't any way of making it certain, the Court would probably have to confess it was wrong on its ruling on this motion.

"Mr. Heald: It might be that the plaintiffs would have to have a survey made so that if there was any question in the future as to what he received by the decree—

"The Court: That is something to think about, but it may have to be determined before a decree is signed."

 The law is well settled in this jurisdiction that a decree for an easement must be definite and certain so that there may be no possible doubt as to its location, its width, length, and termini. *Starr v. People,* 17 Colo. 458, 30 Pac. 64; *Lieber v. People,* 33 Colo. 493, 81 Pac. 270; *Gyra v. Windler,* 40 Colo. 366, 91 Pac. 36; *Workman v. Stephenson,* 26 Colo. App. 339, 144 Pac. 1126; *Sprague v. Stead,* 56 Colo. 538, 139 Pac. 544; *Leach v. Manhart,* 102 Colo. 129, 77 P. (2d) 652.

Under the authorities cited, the decree was defective in that it contained no definite and certain description locating the easement as the same crossed defendants' lands.

 Where the legal right to any easement is established, there is no doubt that a court of equity may issue an injunction for its protection when the prerequisites for injunctive relief are established. In the instant case it would have been the better practice to have had a survey made prior to the filing of the complaint and to have incorporated a definite description of the easement therein alleged; however, we do not hold that this was necessary. We do hold, however, that before a proper decree can be entered quieting the title to an easement, an accurate and legal description thereof is necessary. Plaintiffs take the position that this is unnecessary and in support of their position they rely upon our opinion in *Blanchard v. Holland,* 106 Colo. 147, 103 P. (2d) 18. We do not think they have correctly construed this

opinion. The Blanchard-Holland case was an action to obtain an injunction to protect the water rights and to acquire an easement over defendants' lands for a ditch to convey the same to plaintiffs' land. There was no legal description of the easement claimed by plaintiffs, and it was there contended that the extent of plaintiffs' right to irrigation water and the location of the easement could not be determined in an injunction suit. A motion for a nonsuit was interposed by defendants and granted, and the complaint was dismissed. We reversed the trial court, and, in connection with the jurisdiction of courts of equity in injunction matters and suits to quiet title as the same were involved in that case, said: "We think it would extend the rule too far to hold that only admitted or judicially established rights may be protected from interference by injunction. Where a right of easement is clear and certain, even though testimony may be required to show its extent or location, as of a right of way, we think it is proper to determine these things as an incident to the granting of injunctive relief. To hold otherwise would be to lay down a rule permitting the defendant in any action instituted for the protection of an easement—no matter how formally and certainly granted and even though exercised for many years—to deny its existence, extent, or location, and throw upon plaintiff the burden of having these matters judicially ascertained in another suit, which could be no more appropriate for that purpose than the pending action, before injunctive protection could be afforded. This would create, rather than prevent, a multiplicity of suits."

We observe that in *Leach v. Manhart, supra,* easements were decreed across lands, but no legal descriptions of the easements were contained in the decree. In that connection we said: "Let the judgment be reversed, the trial court to enter judgment for plaintiff in error as to both the roads involved, requiring that they shall be open to the public as well, with gates elim-

inated. For the purpose of aid to the parties in ascertaining definite lines for the roads, the court will retain jurisdiction of the case, allowing them a reasonable time in which to accommodate diverse views they may entertain on the question, and if it shall appear they cannot agree on the point, the court will take testimony as to the issue and in the light thereof determine and adjudge the lines."

In *Sprague v. Stead, supra,* it was contended that the decree describing the road was "so indefinite and uncertain that it should not be permitted to stand," and we held that there was merit in that claim. In commenting on that part of the decree pertaining to the description of the road, we said:

"* * * It describes the road in the most general terms as beginning at the point on the south line of a designated subdivision of section 32 T 5 N R 73 W of the 6th P. M., and thence by meandering course through other subdivisions of this section to its north line. The plaintiff is enjoined from obstructing this highway upon the premises it embraces. Its course is so indefinite and uncertain that to leave it in this situation invites future litigation and trouble. A highway, however established, should have reasonable certainty of limits and direction. The decree is defective in this respect, but should not be reversed in its entirety as the defect can be remedied by amendment.

"We shall, therefore, affirm the judgment except as to the description of the highway and remand the case with directions to take further testimony, if necessary, in order to definitely describe the highway and amend the decree accordingly. The costs of such further proceedings shall be borne equally by the parties.

"It appears that counsel for plaintiff, by motion for a new trial, called the attention of the court to the uncertainty of the description of the road in the decree. Having made this motion, counsel for defendant should have had the decree amended in this respect. Plaintiff

was compelled to bring the case here in order to have the decree corrected, and the costs of this court will, therefore, be taxed as follows: Four-fifths to plaintiff in error and one-fifth to defendant in error."

It may be said that *Sprague v. Stead, supra, Leach v. Manhart, supra,* and *Lieber v. People, supra,* all concerned easements initiated while title to the lands traversed by them was in the government. We see no reason why the legal descriptions of the easement in the case at bar should not be equally definite and certain as was held necessary in those cases.

The judgment of the trial court is affirmed, but the case is remanded with directions to take whatever further testimony may be necessary in order to definitely and certainly describe the easement in accurate legal terms so that its exact location and extent may be ascertained from the decree; that the decree be amended accordingly, and that the costs in this court be taxed to the defendants in error.