G-eorgb T. Vandermeulen, J.
The plaintiff owns two tracts of land in. the town of Newfane, Niagara County, which it acquired by deeds from one Hamilton A. Swick. The plaintiff is at present constructing a hospital on the easterly or rear *203 parcel of its land. The plaintiff acquired title to its land by deeds dated February 23, 1955 and recorded on February 25, 1955 in Liber 1169 of Deeds at pages 149 and 152. These two tracts of land are separated from each other by a strip of land about 66 feet in width formerly owned by the Lockport Olcott Railway as part of its railroad right of way now owned by the defendants. Each of the afore-mentioned deeds contain the following language regarding the private right of way over the former railroad land, “ Together with all the right, title and interest of the grantor in and to a right of way across lands conveyed to W. Caryl Ely by Deed dated May 18, 1900 and recorded in the Niagara County Clerk’s Office in Liber 269 of Deeds at page 416, and formerly owned by Lockport-Olcott Railway.”
When the 66-foot strip of land was conveyed to the defendants’ predecessor in title in the year 1900 by the common grantor of both of the parties, which deed was recorded in Liber 269 of deeds at page 416, there was reserved from the conveyance a right of way described as follows: ‘ ‘ This grant is upon the condition that a good and suitable crossing with gates and good and suitable cattle guards be constructed across the premises above described at such place as the parties of the first part may designate, said crossing to be used as a private way. This grant is upon the further condition that if it is necessary to take care of the water which comes to the above premises a drain will be constructed across the premises above described.”
The plaintiff now sues, requesting a judgment adjudging it to be the owner of the right of way across the defendants’ lands and to enjoin the defendants from interfering therewith.
The documentary evidence appears to conclusively establish that the plaintiff owns the right of way as reserved in the deed dated May 18,1900 from Duncan R. Maxwell et al., to W. Caryl Ely, and that the defendants own their land subject to such rights.
One of the contentions of the defendants is that this private right of way was a “ farm crossing ” and that to allow the extension of use demanded by the plaintiff would increase the burden of use on the defendants’ tract and destroy the value of the defendants’ tract of land. There was testimony by Hamilton A. Swick to the effect that for many years he was the owner of the two separated tracts of land now owned by the hospital and that the location of the right of way between such tracts over the railroad lands (now owned by defendants) was about 3 to 5 feet south of the north boundary and was about 15 or 16 feet wide.
*204 The location of this right of way is not fixed by the instrument creating it; rather its location is therein specified to be 6i at such place as the parties of the first part may designate.”
It is said in Corpus Juris Secundum (28 C. J. S., Easements, § 82, pp. 761-762) that: “ Where an easement in land, such as a way, is granted in general terms, without giving definite location and description of it,'the location may be subsequently fixed by an express agreement of the parties, or by an implied agreement arising out of the use of a particular way by the grantee and acquiescence on the part of the grantor # * * As otherwise expressed, it is a familiar rule that, when a right of way is granted without defined limits, the practical location and use of such way by the grantee under his deed acquiesced in for a long time by the grantor will operate to fix the location.”
In the instant case, there was no evidence of an express agreement locating the right of way. However, practical location by actual use over many years seems sufficient, according to the above-quoted authority, to authorize the court to determine the physical location of the plaintiff’s right of way.
Where the language of the instrument specifies no limitation of use thereof ‘ ‘ it will not necessarily be confined to the purposes for which the land was used at the time the way was created, but may be used for any purpose to which the land accommodated by the way may naturally and reasonably be devoted. It may be used for all the ordinary purposes of a way, subject to the general rule that the use must be reasonable ”. (28 C. J. S., Easements, § 87.)
It was decided in Arnold v. Fee (148 N. Y. 214) that where an easement is used for ingress and egress only, the easement will not be extinguished by subsequent changes in the use and occupancy of the dominant premises by which it may be more frequently used by foot passengers as well as by horses and vehicles.
Although in the afore-mentioned case, the use of and the location of the easement was expressly stated in the deed of conveyance, the same rule, I am of the opinion, applies where the easement is granted in general terms. (See, also, Missionary Soc. of Silesian Congregation v. Evrotas, 256 N. Y. 86.)
In the instant case, the only language in the instrument creating the right of way which seems to define the use to be made of it is the language providing that it is “ to be used as a private way.” Such language undoubtedly prevents the plaintiff from using it for a public thoroughfare, but does not *205 restrict the nature or frequency of its use by it or by its employees, invitees and licensees.
I therefore decide that the plaintiff is entitled to a judgment establishing the private right of way located as shown by the testimony, namely from 3 to 5 feet south of the north boundary of the plaintiff’s land and 15 feet in width, with the right of ingress and egress to and from its hospital property to the east of the former railroad right of way and that such use extend to all purposes connected with the maintenance and operation of its hospital.
Judgment may be entered accordingly.