517 P.2d 862 (1974)
WESTLAND NURSING HOME, INC., a Colorado corporation, and Tor Development Co., a Colorado corporation, Plaintiffs-Appellees,
v.
Harold E. BENSON and Joan Ruth Benson, Defendants-Appellants.
No. 73-061.
Colorado Court of Appeals, Div. II.
January 2, 1974.
*864 Philip A. Rouse, Joseph Berenbaum, Denver, for plaintiffs-appellees.
Thomas J. Zavislan, Lakewood, for defendants-appellants.
Selected for Official Publication.
COYTE, Judge.
Plaintiff Westland Nursing Home, Inc., (Westland) filed a complaint alleging that it is the owner of an easement for the purposes of ingress and egress along the northern boundary of defendants' property and seeking to enjoin defendants from interfering with its use of the easement. Defendants answered, denying the existence of an easement and alleging, by way of counterclaim, that plaintiff had forfeited the easement, if any, by misusing or over-burdening it. Also, Tor Development Co., record owner of part of the property, was joined as a plaintiff.
After trial to the court, the court found for Westland on all issues, entered the injunction sought by Westland, and dismissed defendants' counterclaims. Asserting several allegations of error, defendants appeal. We affirm the judgment of the trial court.
*865 The property involved in this action consists of two adjoining five-acre tracts in Jefferson County, Colorado, (the East tract and the West tract). Harold Benson's parents (the Bensons) acquired the West tract in 1940 from the estate of one Oakley. In 1950, defendants purchased the northwest corner of the West tract, described as the West 125 feet of the North 100 feet of the West five-acre tract. The deed contained the following language:
"The parties of the first part reserve the right to use the existing roads on the north and west of said property for ingress and egress . . . ."
In 1960 the Bensons conveyed the balance of the West tract to certain third parties who later conveyed the property to Westland. Westland subsequently erected a nursing home on the West tract.
Strandbergs acquired the East tract from the estate of Oakley in approximately 1940. The Oakley home was situated on the East tract and the Strandbergs resided there until approximately 1959. Throughout this period, the Strandbergs utilized a road which had been established by the Oakleys along the northern boundary of the West tract for purposes of ingress and egress to their residence. In 1963, Tor Development Co. acquired the East tract from Anna Strandberg and subsequently conveyed that property by an unrecorded deed to Westland. The property has been rezoned for multi-family dwellings, and the house has been converted to a three-unit apartment building.
This dispute centers upon Westland's use of the road along the northern boundary of defendants' property. The trial court found that Westland has an easement for ingress and egress to the nursing home on the West tract since the easement reserved by the Bensons was transferred to it when it purchased their interest in the West tract. The trial court also found that Westland has an easement for purposes of ingress and egress to the house on the East tract because of a prescriptive easement acquired by its predecessors in title.

I.
Defendants contend that Westland acquired no rights under the easement reserved by the Bensons because: (1) the easement reserved was personal to them; (2) the language of the deed wherein the Bensons conveyed the balance of the West tract did not operate to convey the easement previously reserved by them; and (3) the easement was abandoned by Bensons.
Defendants maintain that the easement reserved by their grantors was personal to those grantors because Floyd Benson, one of the grantors, so testified. When an easement is created by grant or reservation in a deed, the determination of whether the easement is appurtenant to a certain parcel of property or personal to a certain individual depends upon the intention of the parties as ascertained by reading the words of the deed in light of the attendant circumstances. See Durkee v. Jones, 27 Colo. 159, 60 P. 618. Here, the trial court found that the easement reserved in the road for the purpose of ingress and egress was appurtenant to the West tract. The use of the term "ingress and egress" without limitation suggests that the easement was designed to serve a specific piece of property and the circumstances under which the easement was created also compel that conclusion. Accordingly, we conclude that the trial court's ruling on this question was correct.
There is no merit in defendants' contention that the deed from the Bensons did not operate to convey the easement reserved by them. The deed in question described the property conveyed and includes the following statement:
"TOGETHER with all and singular the hereditaments and appurtenances thereto belonging . . . ."
The quoted language operated to convey to Westland's predecessors in title the appurtenant easement which the Bensons had reserved in their deed to defendants. Durkee v. Jones, supra.
*866 Defendants next contend that Westland is not entitled to utilize the easement reserved by the Bensons because they had abandoned that easement prior to the time that they conveyed the balance of the West tract to Westland's predecessors in title. Defendants argue that Bensons ceased using the road after the construction of Oak Street along the western boundary of the West tract. However, mere nonuse of an easement acquired by grant, however long continued, does not constitute an abandonment. See Fruit Growers Ditch & Reservoir Co. v. Donald, 96 Colo. 264, 41 P.2d 516. To establish an abandonment of an easement, the party asserting that the easement was abandoned must show affirmative acts manifesting an intention on the part of the owner of the dominant estate to abandon the easement. Rivera v. Queree, 145 Colo. 146, 358 P.2d 40. Here, the record shows that even after Oak Street was constructed the Bensons made occasional use of the road, and there is no evidence of any act manifesting an intent to abandon the easement. Thus, the trial court correctly found that the easement in the road was not abandoned.

II.
Defendants contend that the Strandbergs did not acquire a prescriptive easement in connection with the use of the road for ingress and egress to the East tract because such use was permissive. They cite Horne v. Hopper, 72 Colo. 434, 211 P. 665, for the proposition that when the owner of the property and another person utilize the same way, such use by the second person is presumed to be permissive. The presumption of permissive use was invoked in Allen v. First National Bank, 120 Colo. 275, 208 P.2d 935, where the court said:
"The general rule seems to be that where one constructs a passageway over his own property, at his own expense, and thereafter it is utilized by others, their use is presumed to be permissive and a neighborly indulgence, and, being permissive in its inception, continues to be such until that permissive use is changed to the knowledge of the owner to an adverse use."
The statement of the rule and the factual situations in which it has been invoked reveal that the presumption is limited to the case where the owner constructs the passageway as well as uses it. Here, the road was in existence when Floyd Benson purchased the property from the estate of Oakley. Therefore, we hold that defendants were not entitled to invoke a presumption of permissive use on the part of the Strandbergs.
On the other hand, the evidence establishes that the Strandbergs utilized the road for purposes of egress and ingress to their residence in excess of the prescribed period. In such cases, there exists a presumption that such use was adverse. Gleason v. Phillips, 172 Colo. 66, 470 P.2d 46. Accordingly, the trial court correctly found that plaintiffs and their predecessors acquired a prescriptive easement for the purpose of ingress and egress to the East tract.

III.
Defendants contend the trial court erred in its finding which located a 15-foot-wide easement along the northern boundary of defendants' property. The testimony on the location and width of the easement was somewhat contradictory. In the course of trial, defendants introduced as an exhibit the results of a survey which shows a 15-foot easement for ingress and egress along the northern boundary of defendants' property. Defendants concede that the exhibit was introduced without a limitation of purpose. Evidence which is admitted generally may be considered for any legal purpose for which it is admissible, although the evidence, when introduced, was intended for a particular purpose. Allen v. Enomoto, 228 Cal.App.2d 798, 39 Cal.Rptr. 815. Thus, the trial court properly could consider the survey as evidence of the location of the easement.
*867 When, as here, the trial court makes a finding which resolves conflicting evidence in favor of one party, such finding will not be disturbed on review. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453.

IV.
Defendants next contend that even if an easement exists, the increased volume of traffic generated by Westland's use of the property constitutes an over-burdening of the easement which works a forfeiture of its rights. In essence, defendants argue that Westland's change in the use of the dominant estate has increased the use of the easement beyond that contemplated when the easements were created.
With respect to the question of the legitimate use of an easement created by a deed, Cushmann Virginia Corp. v. Barnes, 204 Va. 245, 129 S.E.2d 633, states the following rule, which we adopt:
"When a right of way is granted over land, the servient estate, for the benefit of other land, the dominant estate, and the instrument creating the easement does not limit the use to be made thereof, it may be used for any purpose to which the dominant estate may then, or in the future, reasonably be devoted. This rule is subject to the qualification that no use may be made of the right of way, different from that established at the time of its creation, which imposes an additional burden upon the servient estate."
Accord, Birdsey v. Kosienski, 140 Conn. 403, 101 A.2d 274; see generally, Annot., 3 A.L.R.3d 1256. In the instant case, the deed creating the easement appurtenant to the West tract simply states that the easement consists of a road for the purpose of ingress and egress. In Inter Community Memorial Hospital Building Fund, Inc. v. Brown, 9 Misc.2d 202, 168 N.Y.S.2d 535, the court held that an easement which was formerly used as a farm-crossing could be utilized for the purpose of ingress and egress to a hospital which was being constructed on the dominent estate. The trial court correctly found that Westland's use of the road in connection with the West tract was not unreasonable.
Defendants also contend that the change in use of the East tract has overburdened the prescriptive easement appurtenant to that tract. The Restatement of Property §§ 478, 479 contains the following statements with respect to the permissible uses of an easement acquired by prescription:
"In ascertaining whether a particular use is permissible under an easement created by prescription a comparison must be made between such use and a use by which the easement was created with respect to
(a) their physical character,
(b) their purpose,
(c) the relative burden caused by them upon the servient tenement.
"In ascertaining whether a particular use is permissible under an easement appurtenant created by prescription there must be considered, in addition to the factors enumerated in Section 478, the needs which result from a normal evolution in use of the dominant tenement and the extent to which the satisfaction of these needs increases the burden on the servient tenement."
As an illustration of the rule quoted above, the comments to § 479 state that a prescriptive easement acquired by one family living on a dominant estate which lies in the path of a growing city may be utilized by all families living there after the dominant estate is subdivided. Accord, Hill v. Allan, 259 Cal.App.2d 470, 66 Cal.Rptr. 676; see generally, Annot., 5 A.L.R.3d 439. Thus, the trial court correctly found that Westland's use of the prescriptive easement was not unreasonable.

V.
Finally, defendants contend that the trial court failed to make sufficient findings of fact and conclusions of law under C.R.C.P. 52(a).
*868 Findings of fact and conclusions of law by a trial court sitting without a jury must be made so explicit as to give a reviewing court an opportunity to determine on what ground the trial court reached its decision, and whether that decision was supported by competent evidence. Hipps v. Hennig, 167 Colo. 358, 447 P.2d 700. The purpose of this rule is to apprise prospective appellate courts of the basis of the trial court's decision. Noice v. Jorgensen, 151 Colo. 459, 378 P.2d 834. However, the trial judge is not required to assert in detail the negative of every rejected proposition as well as the affirmative of those which he finds to be correct. Uptime Corp. v. Colorado Research Corp., 161 Colo. 87, 420 P.2d 232. In the instant case, the trial court's findings of fact and conclusions of law resolved in sufficient detail the material and ultimate issues raised in the suit. Accordingly, defendants' contention on this issue is without merit.
The judgment is affirmed.
PIERCE and RULAND, JJ., concur.