**Gordon E. GJOVIG, and Elinore H. Gjovig, Plaintiffs-Appellees,**

**v.**

**Albert B. SPINO, Sr., and Yolanda Spino and John P. Spino, Defendants-Appellants.**

**No. 83CA1389.**

Colorado Court of Appeals, Div. III.

May 9, 1985.

Carl Feldhamer and Associates, P.C., Carl Feldhamer, Mark Masters, Denver, for plaintiffs-appellees.

Law Office of Rush & Rush, P.C., Robert P. Rush, Salida, for defendants-appellants.

METZGER, Judge.

The plaintiffs (Gjovigs) brought this action against the defendants (Spinos) seeking to terminate an easement over portions of land owned by the Gjovigs on the basis of abandonment. The Spinos appeal, contending that the trial court erred in holding that the wording of the easement was vague and that the Spinos had abandoned their easement. We agree with the trial court and, therefore, affirm.

The Spinos purchased a parcel of land in 1957 near Salida. They constructed a motel on a portion of the property. Adjacent to the motel property there was a pink house.

In 1964 the Spinos sold the motel property to the Gjovigs but retained the adjacent property with the pink house. The deed from the Spinos to the Gjovigs contained the following reservation:

"Reserving to the grantors herein their heirs and assigns, owner of the property east of the above described property the privilege of ingress and egress over the drive in along the easterly side of the above described property for the purpose of parking at the rear of this property."

Access to the Spinos' property, according to the historical use of the easement, was obtained by driving from the highway across the Gjovigs' property, then onto a gravel driveway into the Spinos' property.

In 1976 the pink house was removed and the Spinos began construction of a new, larger house located in approximately the same place as the pink house. During construction of the new house the Spinos also constructed a boundary fence between their property and the Gjovigs' property. The boundary fence blocked the original gravel drive, but it did contain an opening for ingress and egress which was between 30 and 80 feet behind the original gravel drive. At the time the new house was built the Spinos also built a driveway which gave direct access to the highway and did not cross the Gjovigs' property. After the Spinos constructed the boundary fence, the Gjovigs blocked the opening in the fence with a wire gate and steel poles.

The trial court found that the easement was "vaguely worded" and that, therefore, it was necessary to determine the location of the easement through historical use. The court determined that the easement was located where it had been used since 1964 to enter and exit from the pink house property, but that that historical easement was closed off when the Spinos constructed the fence. The trial court concluded that the easement did not extend to the rear of the Spinos' property, and that the Spinos had abandoned their easement when they constructed the fence and wall along the area where they had historically entered. The trial court finally noted that the Spinos have other access from the highway and, therefore, the easement is not one of necessity.

## I.

The Spinos contend that the trial court erred in finding that the description of their easement was vague and therefore had to be established by historical use. We disagree.

A decree for an easement must be definite and certain so that there may be no possible doubt as to its location, its width, and its termination. *DeReus v. Peck,* 114 Colo. 107, 162 P.2d 404 (1945). The easement does describe its purpose as being parking at the rear of the Spinos' property; however, there is no precise description of the location of the ingress and egress to that property.

Where, as here, the wording of the easement is unclear as to its exact location, the court must look to the historical use of an easement. *See Isenberg v. Woitchek,* 144 Colo. 394, 356 P.2d 904 (1960). The trial court therefore properly concluded that historical use should determine the location of the easement.

## II.

The Spinos also contend that the trial court erred in finding that the Spinos had

abandoned their easement. Again we disagree.

■ To establish an abandonment of an easement, it must be shown by the party asserting the abandonment that there were affirmative acts manifesting an intention on the part of the owner of the dominant estate to abandon the easement. *Westland Nursing Home, Inc. v. Benson*, 33 Colo. App. 245, 517 P.2d 862 (1974).

■ Here, the evidence reveals that the Spinos constructed a fence and wall making the historical easement unusable. Furthermore, the Spinos constructed a new driveway which gave them the necessary access to the highway from their property. This evidence supports the trial court finding that the easement was abandoned, and such finding is binding on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Judgment affirmed.

STERNBERG, J., concurs.

TURSI, J., concurs in part and dissents in part.

TURSI, Judge, concurring in part and dissenting in part.

Because the trial court erroneously ruled the easement appurtenant to the Spino property had been abandoned, I respectfully dissent to Part II of the majority opinion. The Gjovigs asked the trial court to enjoin the extension of the easement and to hold the easement to be null and void; however, they did not plead abandonment. The trial court correctly held that the easement was not null and void. It improperly addressed and determined the questions of abandonment.

The Spinos contended that the farthermost opening between the properties was part of the easement reserved in the deed. They relied on language in the reservation that stated the right of ingress and egress went along the easterly side of the proper-

ty for purposes of parking at the rear of the property. There was evidence of prior but infrequent use of the farthermost opening.

I do not take issue with the trial court's determination that the driveway across the Gjovigs' property and leading into the Spino property was the easement appurtenant to the Spino property reserved in the deed. However, the Gjovigs alleged, and the uncontradicted evidence showed, when the Spinos fenced off the driveway as it entered their property they immediately attempted to extend the easement beyond the existing driveway to the farthermost opening between the properties.

Although the Spinos also built a portion of their new house on part of their land which had formerly been used as driveway, they demonstrated no intention of abandoning the easement. The Spinos intended, rather, to extend the easement to the farther opening in the fence between the properties so that it would connect with a new driveway which they had constructed on their property.

I agree that, under the facts here, the Spinos may not extend the easement beyond its historical use even though the historical use would now be inconvenient. However, since their manifested intent was to extend rather than to abandon the easement, the easement was not abandoned.

The trial court confused the driveway as it extended onto the Spino property with the easement over the Gjovigs' property. This is exemplified by its finding that the new house on the Spino property was built on the easement. By definition, an easement appurtenant stops at the holder of the easement's property line. Restatement of Property § 450 (1944). *See also* Restatement of Property at 2897 (Introductory Note to Easements).\

An easement is an interest in property, which though distinct from an ownership interest in the land itself, nevertheless confers upon the holder of the easement an

enforceable right to use the property of another for specific purposes. *DeReus v. Peck,* 114 Colo. 107, 162 P.2d 404 (1945); *see Lehman v. Williamson,* 35 Colo.App. 372, 533 P.2d 63 (1975). The owner of the property to which the easement is appurtenant may convey or devise it.

Mere non-use of an easement acquired by grant or reservation, however long continued, does not constitute an abandonment. The use or non-use of the easement holder's own land in conjunction with the easement has no effect on the easement even if the current use of the owned land precludes the use of the easement. *Fruit Growers Ditch & Reservoir Co. v. Donald,* 96 Colo. 264, 41 P.2d 516 (1935); *see Westland Nursing Home, Inc. v. Benson,* 33 Colo.App. 245, 517 P.2d 862 (1974).

I would therefore reverse that part of the trial court's judgment which concluded the easement had been abandoned, but affirm the judgment in all other respects.